# Supreme Court of Florida

———————

No. SC2023-1435

———————

**INQUIRY CONCERNING A JUDGE NO. 2023-006 & 2023-067 RE: HON. JOHN B. FLYNN.**

March 21, 2024

PER CURIAM.

We have for review a stipulation between the Judicial Qualifications Commission and Polk County Judge John Flynn. The stipulation reflects the parties' agreement that Judge Flynn committed misconduct during his 2022 campaign and that, as discipline, this Court should impose a public reprimand and a 30-day suspension without pay. We reject the stipulation because it is based in part on a legally incorrect reading of the Code of Judicial Conduct. *See In re Gooding*, 905 So. 2d 121, 122 (Fla. 2005) (Court will review stipulated findings to determine if they support the alleged ethical violation).

The JQC's findings and recommendation of discipline involve two distinct charges for conduct during Judge Flynn's 2022 judicial

campaign: (1) Judge Flynn made multiple comments showing bias in favor of law enforcement and against persons accused of crimes; and (2) Judge Flynn attended a meeting of the Patriot Club of Lakeland—a meeting to which Flynn's campaign opponent was not invited—and later advertised the Patriot Club's endorsement of his candidacy. The defect in the stipulation, and by extension in the JQC's findings and recommendation, pertains only to the second charge.

Based on the discussion in the JQC's "Findings and Recommendation of Discipline," the JQC appears to have determined that Judge Flynn's Patriot Club-related conduct violated only Canon 7C(3). That canon regulates judicial candidates' attendance at a "political party function." Canon 7C(3) also says that a candidate should "refrain from commenting on the candidate's affiliation with any political party or other candidate, and should avoid expressing a position on any political issue."

The problem is that the findings and stipulation contain no proof that the Patriot Club of Lakeland is a "political party." The JQC's findings instead say that the club is a "political organization," a defined term in the Code of Judicial Conduct. Under the Code,

"political organization" means "a political party or other group, the principal purpose of which is to further the election or appointment of candidates to political office." While the Code makes a "political party" a *type* of "political organization," the term "political organization" also includes entities that are not a political party. In other words, the Code does not use the terms "political party" and "political organization" synonymously. The JQC erred by interpreting Canon 7C(3) in a way that ignores the difference between those terms.

We cannot overlook a legal error like this just because both parties agreed to it. So, we reject the stipulation and remand the case for further proceedings. We leave it to the parties to decide whether to propose another stipulation or to proceed in some other fashion consistent with the JQC's rules.

It is so ordered.

MUÑIZ, C.J., and CANADY, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.
LABARGA, J., specially concurs with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

- 3 -

LABARGA, J., specially concurring.

I agree with the majority to the extent that it remands this matter for further proceedings. However, as opposed to open-ended proceedings wherein the parties are left "to decide whether to propose another stipulation or to proceed in some other fashion consistent with the JQC's rules," majority op. at 3, I believe that these proceedings should involve an evidentiary hearing culminating in detailed factual findings.

Moreover, while the majority observes that the terms "political party" and "political organization" are not used synonymously under the Code of Judicial Conduct, *see id.*, I am concerned with the practical effect of attempting to distinguish these terms and the impact of such a distinction when determining what types of conduct are permissible under the Code.

Original Proceeding – Judicial Qualifications Commission

Gregory W. Coleman, Chair, and Alexander J. Williams, General Counsel, Judicial Qualifications Commission, Tallahassee, Florida,

for Florida Judicial Qualifications Commission, Petitioner

Victor Smith, Winter Haven, Florida,

for Judge John B. Flynn, Respondent